IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                           Case No. 6:17-cr-60007

SUNNY SINGH                                                          DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Appeal In Forma Pauperis. (ECF No. 50). The Court finds that no response is necessary.

Defendant was charged in a one-count Indictment for being an alien illegally and unlawfully in the United States in knowing possession of firearms affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). (ECF No. 1). On July 5, 2017, Defendant filed a motion to dismiss, arguing that at the time of the alleged offense, he was not an illegal alien due to his status under the Deferred Action for Childhood Arrivals program administered by the Department of Homeland Security. (ECF No. 19). On July 19, 2017, the Court denied the motion to dismiss. On October 10, 2017, Defendant changed his plea to guilty pursuant to a signed plea agreement. On July 27, 2018, the Court denied Defendant's motion for reconsideration of his motion to dismiss. On July 31, 2018, the Court sentenced Defendant to nineteen months' imprisonment, with credit for time served in federal custody. On August 14, 2018, Defendant filed a notice of appeal. On August 15, 2018, Defendant filed the instant motion for leave to appeal *in forma pauperis* ("IFP").

In support of his motion to appeal IFP, Defendant provides an "Application to Proceed in District Court Without Prepaying Fees or Costs." The form provides, under penalty of perjury, that Defendant is being held at the Garland County Detention Center, that his gross income is $0.00, and that he has not received income from any source in the last twelve months.

A prisoner seeking leave to appeal IFP must file an affidavit that includes a statement of all

assets the prisoner possesses, the nature of the appeal, and the prisoner's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). A valid affidavit is signed, attested before a notary public, and bears a notary's seal. *Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008). An unsworn declaration may serve as an alternative to a formally attested affidavit if it is signed, dated, and states "under penalty of perjury" that the information within is true and correct. 28 U.S.C. § 1746.

Upon consideration, the Court finds that Defendant has not provided the Court with sufficient information to warrant granting the instant motion. Defendant's motion is not signed, is not attested before a notary public, and does not bear a notary's seal. Thus, it cannot be considered a valid affidavit. Although Plaintiff's motion contains "penalty of perjury" language, it is not signed or dated. Thus, it cannot be considered an unsworn declaration. The Prison Litigation Reform Act and Federal Rule of Appellate Procedure 24 require that a prisoner seeking to appeal IFP must include either a valid affidavit or an unsworn declaration. Defendant has not included either, and accordingly, the Court must deny the instant motion at this time.

For the above-stated reasons, the Court finds that Defendant's motion to appeal IFP (ECF No. 50) should be and hereby is **DENIED WITHOUT PREJUDICE** to Defendant's ability to refile the motion in a form that satisfies the above-discussed requirements. Plaintiff may also choose to renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**, this 15th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge